UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' ANNUITY FUND,<br><br>    Plaintiffs,<br>  v.<br><br>THE AMERICAN GROUP OF CONSTRUCTORS, INC.,<br>an Illinois corporation,<br><br>    Defendant(s). | 16-C-461 |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant THE AMERICAN GROUP OF CONSTRUCTORS, INC., as follows:

## COUNT I
against
THE AMERICAN GROUP OF CONSTRUCTORS, INC.
(*Claim under ERISA for audit and delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiffs Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. THE AMERICAN GROUP OF CONSTRUCTORS, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Indiana. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). THE AMERICAN GROUP OF CONSTRUCTORS, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. THE AMERICAN GROUP OF CONSTRUCTORS, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. THE AMERICAN GROUP OF CONSTRUCTORS, INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), THE AMERICAN GROUP OF CONSTRUCTORS, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8.  THE AMERICAN GROUP OF CONSTRUCTORS, INC. became a party to and bound by the collective bargaining agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

9.  THE AMERICAN GROUP OF CONSTRUCTORS, INC. became a party to and bound by the collective bargaining agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements and trust agreements.

11. THE AMERICAN GROUP OF CONSTRUCTORS, INC. became a party to and bound by the collective bargaining agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

12. Under the terms of the collective bargaining agreements and trust agreements, THE AMERICAN GROUP OF CONSTRUCTORS, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, THE AMERICAN GROUP OF CONSTRUCTORS, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

13. Pursuant to the collective bargaining agreement, trust agreements, and ERISA, THE AMERICAN GROUP OF CONSTRUCTORS, INC. is required to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

14. Upon information and belief, THE AMERICAN GROUP OF CONSTRUCTORS, INC. has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the Collective bargaining agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

15. THE AMERICAN GROUP OF CONSTRUCTORS, INC. has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

16. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of THE AMERICAN GROUP OF CONSTRUCTORS, INC.

17. The agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

18. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

19. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

    A.    Enter judgment against THE AMERICAN GROUP OF CONSTRUCTORS, INC. in favor of Plaintiffs.

    B.    Order THE AMERICAN GROUP OF CONSTRUCTORS, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

    C.    Order THE AMERICAN GROUP OF CONSTRUCTORS, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

    D.    Order THE AMERICAN GROUP OF CONSTRUCTORS, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

    E.    Order THE AMERICAN GROUP OF CONSTRUCTORS, INC. to pay auditors' fees to Plaintiffs to Plaintiffs.

    F.    Order THE AMERICAN GROUP OF CONSTRUCTORS, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

    G.    Grant Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: /s/ *Richard A. Toth*
One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797